LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
PRomero@RomeroLawNY.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERIC CASTELLANOS, LUIS RIOS, ALLEN STETLER,
JEAN PIERRE LOUIS and JOSE PORTILLO on behalf
of themselves and all other persons similarly situated,

Plaintiffs,

   -against-                                      **COMPLAINT**

RAYMOURS FURNITURE COMPANY, INC.

Defendant.

------------------------------------------------------------------------X

Plaintiffs, ERIC CASTELLANOS, LUIS RIOS, ALLEN STETLER, JEAN PIERRE LOUIS and JOSE PORTILLO, on behalf of themselves and on behalf of all other persons similarly situated, (hereinafter collectively referred to as "Plaintiffs") by and through their counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendant RAYMOURS FURNITURE COMPANY, INC. (hereinafter "Defendant" or "Raymours"), allege as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.     Raymours, one of the largest furniture retailers in the country, employs furniture delivery drivers and helpers such as the Plaintiffs to deliver its own products from its distribution center in Central Islip, New York to its customers throughout New York State.  The Plaintiffs and similarly situated delivery workers work more than 40 hours per week without overtime pay.

1

## NATURE OF THE CASE

2.      Plaintiffs brings this action, on behalf of themselves and other employees similarly situated, against Defendant to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.  Plaintiffs seek, for themselves and similarly situated employees, unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

3.      Plaintiffs also bring this action, on behalf of themselves and similarly situated employees, to remedy violations of New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"). Plaintiffs seek unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees, and all other appropriate legal and equitable relief pursuant to the NYLL.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action and jurisdiction over Defendant pursuant to 28 U.S.C. §1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.      This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1391, because the events or omissions giving rise to the claims occurred within this judicial district.

## THE PARTIES

6.      Plaintiff Eric Castellanos (hereinafter "Plaintiff Castellanos") is a resident of the County of Suffolk, State of New York.

7.     At all times relevant to the Complaint, Plaintiff Castellanos was an employee of Defendant within the meaning of the FLSA and the NYLL.

8.     Plaintiff Luis Rios (hereinafter "Plaintiff Rios") is a resident of the County of Suffolk, State of New York.

9.     At all times relevant to the Complaint, Plaintiff Rios was an employee of Defendant within the meaning of the FLSA and the NYLL.

10.     Plaintiff Allen Stetler (hereinafter "Plaintiff Stetler") is a resident of the County of Suffolk, State of New York.

11.     At all times relevant to the Complaint, Plaintiff Stetler was an employee of Defendant within the meaning of the FLSA and the NYLL.

12.     Plaintiff Jean Pierre Louis (hereinafter "Plaintiff Louis") is a resident of the County of Suffolk, State of New York.

13.     At all times relevant to the Complaint, Plaintiff Louis was an employee of Defendant within the meaning of the FLSA and the NYLL.

14.     Plaintiff Jose Portillo (hereinafter "Plaintiff Portillo") is a resident of the County of Suffolk, State of New York.

15.     At all times relevant to the Complaint, Plaintiff Portillo was an employee of Defendant within the meaning of the FLSA and the NYLL.

16.     At all times relevant to the Complaint, Defendant was, and continues to be, a domestic business corporation organized under the laws of the State of New York.

17.     At all times relevant to the Complaint, Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), has had two (2) or more employees who have handled goods

that moved in interstate commerce, and was an "employer" within the meaning of the FLSA and NYLL.

18.     At all times relevant to the Complaint, Defendant had and continues to have an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

19.     Defendant is a furniture retailer with a distribution center located in Central Islip, New York.

20.     Defendant employs furniture delivery drivers and helpers to transport furniture from its distribution center to its consumers in the Counties of Suffolk, Nassau, Queens, and Kings.

21.     Defendant's furniture delivery drivers and helpers work over forty hours per week in most workweeks.

22.     Defendant does not pay its furniture delivery drivers and helpers overtime at the rate of one and one-half times their regular rate of pay for hours worked after forty hours in a workweek.

### *Plaintiff Castellanos*

23.     Plaintiff Castellanos was employed by Defendant as a furniture delivery driver from in or about 2009 to in or about October 2016.

24.     Plaintiff Castellanos and similarly situated employees worked for Defendant delivering furniture from the distribution center to Defendants' customers in Suffolk, Nassau and Queens Counties.

25.     Each workday, Plaintiff Castellanos reported to Defendant's distribution center at 5:00 a.m., six days per week.

26.    Plaintiff Castellanos was required to complete all deliveries before he returned to the distribution center at the end of his workday. Plaintiff Castellanos typically did not complete his deliveries and return to the distribution center until at least 6:00 p.m. and often later.

27.    There was no fixed time that Plaintiff Castellanos and similarly situated employees finished work each day, since the number and location of deliveries varied each day, as did the time required to complete the deliveries.

28.    During the course of his employment, Plaintiff Castellanos and other similarly situated employees worked in excess of forty hours per week.

29.    By way of example only, during the period beginning October 1, 2016 and ending October 7, 2016, Plaintiff Castellanos worked 63.25 hours.

30.    Defendant failed to pay Plaintiff Castellanos and other similarly situated employees overtime at the rate of one and one-half times their regular rate of pay for all time worked in excess of forty hours per week.

### *Plaintiff Rios*

31.    Plaintiff Rios was employed by Defendant as a furniture delivery driver from in or about 2008 to in or about January 2, 2017.

32.    Plaintiff Rios and similarly situated employees worked for Defendant delivering furniture from Defendant's distribution center to its customers in Suffolk and Nassau Counties.

33.    Each workday, Plaintiff Rios reported to the distribution center at 5:30 a.m., five to six days per week.

34.    Plaintiff Rios was required to complete all deliveries before he returned to distribution center at the end of his workday. On average, Plaintiff Rios worked 10 or more hours each workday.

5

35.    There was no fixed time that Plaintiff Rios and similarly situated employees finished work each day, since the number and location of deliveries varied each day, as did the time required to complete the deliveries.

36.    During the course of his employment, Plaintiff Rios and other similarly situated employees worked in excess of forty hours per week.

37.    By way of example only, during the period beginning April 16, 2016 and ending April 22, 2016, Plaintiff Rios worked 50.25 hours.

38.    Defendant failed to pay Plaintiff Rios and other similarly situated employees overtime at the rate of one and one-half times their regular rate of pay for all time worked in excess of forty hours per week.

### *Plaintiff Stetler*

39.    Plaintiff Stetler was employed by Defendant as a furniture delivery driver from in or around 2010 through in or around March 2016.

40.    Plaintiff Stetler and similarly situated employees worked for Defendant delivering furniture from Defendant's distribution center to its customers in Suffolk, Nassau and Queens Counties.

41.    Each workday, Plaintiff Stetler reported to the distribution center at 5:00 a.m., six days per week.

42.    Plaintiff Stetler was required to complete all deliveries before he returned to distribution center at the end of his workday. Plaintiff Stetler typically did not complete his deliveries and return to the warehouse until at least 6:00 p.m. and often later.

43. There was no fixed time that Plaintiff Stetler and similarly situated employees finished work each day, since the number and location of deliveries varied each day, as did the time required to complete the deliveries.

44. During the course of his employment, Plaintiff Stetler and other similarly situated employees worked in excess of forty hours per week.

45. Defendant failed to pay Plaintiff Stetler and other similarly situated employees overtime at the rate of one and one-half times their regular rate of pay for all time worked in excess of forty hours per week.

### *Plaintiff Louis*

46. Plaintiff Louis was employed by Defendant as a furniture delivery driver from in or around 2008 through in or around September 2016.

47. Plaintiff Louis and similarly situated employees worked for Defendant delivering furniture from Defendant's distribution center to its customers in Suffolk, Nassau and Queens Counties.

48. Each workday, Plaintiff Louis reported to the distribution center at 5:00 a.m., six days per week.

49. Plaintiff Louis was required to complete all deliveries before he returned to distribution center at the end of his workday. Plaintiff Louis typically did not complete his deliveries and return to the distribution center until at least 6:00 p.m. and often later.

50. There was no fixed time that Plaintiff Louis and similarly situated employees finished work each day, since the number and location of deliveries varied each day, as did the time required to complete the deliveries.

51. During the course of his employment, Plaintiff Louis and other similarly situated employees worked in excess of forty hours per week.

52. By way of example only, during the period beginning January 2, 2016 and ending January 8, 2016, Plaintiff Louis worked 51.25 hours.

53. Defendant failed to pay Plaintiff Louis and other similarly situated employees overtime at the rate of one and one-half times their regular rate of pay for all time worked in excess of forty hours per week.

### *Plaintiff Portillo*

54. Plaintiff Portillo was employed by Defendant as a furniture delivery driver from in or about April 2014 to in or about January 2015.

55. Plaintiff Portillo and similarly situated employees worked for Defendant delivering furniture from Defendant's distribution center to itscustomers in Suffolk, Nassau, Queens and Kings Counties.

56. Each workday, Plaintiff Portillo reported to the distribution center at 5:30 a.m., six days per week.

57. Plaintiff Portillo was required to complete all deliveries before he returned to distribution center at the end of his workday. Plaintiff Portillo often worked 10 to 12 hours each workday.

58. There was no fixed time that Plaintiff Portillo and similarly situated employees finished work each day, since the number and location of deliveries varied each day, as did the time required to complete the deliveries.

59. During the course of his employment, Plaintiff Portillo and other similarly situated employees worked in excess of forty hours per week.

8

60.    Defendant failed to pay Plaintiff Portillo and other similarly situated employees overtime at one and one-half times their regular rate of pay for hours worked after forty hours per week.

61.    Defendant failed to provide Plaintiff Portillo and other similarly situated employees with written notice of their wage rate upon hire as required by Labor Law §195.

## COLLECTIVE ACTION ALLEGATIONS

62.    At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked after forty (40) hours each week.

63.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA.  The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendant's current and former employees' interests as well as their own interest in bringing this action.

64.    Plaintiffs seek to proceed as a collective action with respect to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following similarly situated employees:

> All persons who are currently, or have been employed by the Defendant, at any time during the three (3) years prior to the filing of their respective consent forms, who worked as furniture delivery drivers and helpers in the State of New York.

65.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendant.

## CLASS ACTION ALLEGATIONS

66.     Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as furniture delivery drivers and helpers in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

67.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under F.R.C.P. Rule 23.

68.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as furniture delivery drivers and helpers in the State of New York at any time during the six (6) years prior to the filing of this Complaint.

69.     Defendant has acted and/or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

70.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     whether Defendant failed and/or refused to pay the Plaintiffs and Class Members overtime wages for hours worked beyond forty hours in a single workweek;

(b)     whether Defendant's general practice of failing and/or refusing to pay Plaintiffs and Class Members overtime pay was done willfully and/or with reckless disregard of the state wage and hour laws;

(c)     whether Defendant failed to provide Plaintiffs and Class Members with written notice of their wage rate as required by New York Labor Law; and

(d)     what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

71.     Plaintiffs' claims are typical of the claims of the Class that they seek to represent. Defendant failed to pay Plaintiffs and Class Members overtime wages for hours worked after 40 hours in a workweek.

72.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of

11

the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

73.     Plaintiffs can adequately protect the interests of the Class and have no interests antagonistic to the Class.

74.     Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

75.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

76.     Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

77.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this

litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

78.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT)**

79.     Plaintiffs, on behalf of themselves and the FLSA Collective, allege and incorporate by reference all allegations in all preceding paragraphs.

80.     Defendant employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs a premium for the hours they worked after forty (40) hours per week in violation of the FLSA.

81.     Defendant's violations of the FLSA, as described in this Complaint have been willful and intentional. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

82.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

83.     Due to Defendant's unlawful acts, Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW: FAILURE TO PAY OVERTIME WAGES)

84.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

85.     Defendant employed Plaintiffs and Class Members for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs and Class Members overtime pay for the hours they worked after forty (40) hours per week in violation of New York Labor Law.

86.     By Defendant's failure to pay Plaintiffs and Class Members overtime wages for hours worked after 40 hours per week, Defendant willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

87.     Due to Defendant's violations of the New York Labor Law, Plaintiffs and Class Members are entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## (NEW YORK LABOR LAW 195)

88.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

89.     Defendant failed to furnish Plaintiff and Class Members with written notice of their wages upon hire as required by New York Labor Law §195.

90.     Due to Defendant's violation of Labor Law §195, Plaintiffs and Class Members are entitled to recover from Defendant damages pursuant to the Wage Theft Prevention Act.

**PRAYER FOR RELIEF**

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiffs, individually and on behalf of all other similarly situated persons, demand judgment as follows:

(i.)     Certification of this case as a collective action pursuant to 29 U.S.C. §216(b);

(ii.)     Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(iii.)     Certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv.)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(v.)     Unpaid overtime pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(vi.)     Damages pursuant to New York State Labor Law §195;

(vii.)     All attorneys' fees and costs incurred in prosecuting these claims; and

(viii.)     Such other relief as this Court deems just and proper.


Dated: Babylon, New York
      April 4, 2017

                     LAW OFFICE OF PETER A. ROMERO PLLC

By:

                     Peter A. Romero, Esq.
                     103 Cooper Street
                     Babylon, New York 11702
                     Tel. (631) 257-5588
                     promero@romerolawny.com

                     *Attorney for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Raymours Furniture Co., Inc. to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_____            3-4-17
Eric Castellanos                                        Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf and on behalf of all other persons similarly situated against Raymours Furniture Co., Inc. to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Law Office of Peter A. Romero to represent me in this case.  This document has been read to me in my native language of Spanish.

_____
Luis Rios

03/23/17
_____
Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf and on behalf of all other persons similarly situated against Raymours Furniture Co., Inc. to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Law Office of Peter A. Romero to represent me in this case.  This document has been read to me in my native language of Spanish.

_____          _____
Allen Stetler                                                Date
3-21-2017

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf and on behalf of all other persons similarly situated against Raymours Furniture Co., Inc. to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Law Office of Peter A. Romero to represent me in this case.  This document has been read to me in my native language of Spanish.

_____          3-23-17
Jean Pierre Louis                                          _____
                                                                     Date

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf and on behalf of all other persons similarly situated against Raymours Furniture Co., Inc. to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_____
Jose Portillo

_____
3/4/17
Date