Exhibit 1



# RAYMOUR & FLANIGAN EMPLOYMENT ARBITRATION PROGRAM TERMS

**This Program is a contract between Raymour & Flanigan and you governing how employment-related disputes are to be resolved. It is an essential, required term and condition of your continued employment. However, nothing in this Program changes your employment status with Raymour & Flanigan which is completely at-will, voluntary and for no definite period.**

### WHY REQUIRE ARBITRATION?
Raymour & Flanigan values each of its associates, wants to have good relationships with them and expects all associates to work together amicably. At times, however, disputes may arise. When they do, Raymour & Flanigan believes they are best addressed internally through its Open Door or Work-As-One policies. For disputes that cannot be resolved that way, Raymour & Flanigan believes that resolution is best achieved through dispute resolution conducted by a neutral arbitrator. Accordingly, Raymour & Flanigan has adopted the following dispute resolution procedures set forth in this Employment Arbitration Program ("Program").

### WHAT DOES THE PROGRAM COVER?
The Program covers all employment and compensation-related "Claims" between "you" and "R&F" (defined below) asserted or pursued any time after February 1, 2014, even if those Claims arose or were initially asserted before that date. It includes disputes regarding any compensation plans you enter or entered into with Raymour & Flanigan.

"You" means the associate signing the attached Agreement & Consent to these Program terms.

"We," "us," "our," "company" and "R&F" means Raymours Furniture Company, Inc., d/b/a Raymour & Flanigan Furniture ("Raymour & Flanigan"), any of its parents, subsidiaries, affiliated companies, successors, assigns and any shareholders, officers and directors of any of

1

the foregoing companies. It also includes our carriers, claims agents and brokers of insurance policies that provide coverage for Claims.

"Claim" and "Claims" mean any employment-related and compensation-related claims, disputes, controversies or actions between you and us (including any parties named as codefendants with us) that: (1) in any way arise from or relate to your employment or the termination of your employment with us; and (2) are based upon a "legally protected right." This includes disputes about your hiring, firing, wages, compensation, discipline, leaves of absence, accommodations and workplace treatment as well as our policies and practices (including any pattern, practice, act or omission) relating to such matters. Examples include (but are not limited to) those alleging discrimination, harassment, hostile work environment, retaliation or failure to pay wages in accordance with law. "Claims" means not only initial claims but also counterclaims, cross-claims and third-party claims, regardless of whether such claims seek legal, equitable or declaratory relief.

"Legally-protected right" means any right protected by statute, regulation, ordinance, constitution, contract or common law, including but not limited to rights under:
- Title VII of the Civil Rights Act of 1964;
- the Civil Rights Acts of 1866 and 1991;
- the Rehabilitation Act of 1973;
- the Americans with Disabilities Act;
- the Age Discrimination in Employment Act;
- the Older Workers Benefit Protection Act;
- the Uniformed Services Employment and Reemployment Rights Act of 1994;
- the Family and Medical Leave Act or any state leave law (including without limitation: the Connecticut Family and Medical Leave Act; the Massachusetts Maternity Leave Act; the Massachusetts Small Necessities Leave Act; the New Jersey Family Leave Act, the Rhode Island Parental and Family Medical Leave Act; and the Rhode Island Military Family Relief Act);
- the Fair Labor Standards Act;
- state wage and hour laws;
- the Equal Pay Act;
- the Worker Adjustment and Retraining Notification Act;
- any Federal, State or Commonwealth Constitution;
- state and local antidiscrimination and anti-retaliation laws (including, without limitation, the: Connecticut Fair Employment Practices Act; Connecticut Whistleblower Law; Delaware Discrimination in Employment Act; Delaware Whistleblower Law; Massachusetts Fair Employment Practices Law; Massachusetts General Laws chapter 151B; Massachusetts Equal Rights Act; Massachusetts Civil Rights Act; Massachusetts Equal Pay Act; New Jersey Law Against Discrimination; New Jersey Conscientious Employee Protection Act; New York State Human Rights Law; New York State Whistleblower Law; New York City Human Rights Law; Pennsylvania Human Relations Act; Rhode Island Fair Employment Practices Act; Rhode Island Civil Rights Act; and

2

Rhode Island Whistleblowers' Protection Act);
- federal common law or the common law of any State or Commonwealth, whether such right is based upon contract, quasi-contract, tort or restitution theories; and
- any other federal, state or local statute, regulation or common law doctrine regarding employment discrimination, retaliation, whistleblowing, leave of absence, interference with protected rights, conditions of employment or termination of employment or payment of wages or other benefits of employment.

**ARE ANY CLAIMS EXCLUDED?**

The term "Claim" does **not** include the following, which are for a court or agency and not an arbitrator to decide:
- claims seeking worker's compensation benefits (except that claims for interference with or retaliation for seeking benefits shall be considered Claims);
- claims seeking unemployment compensation benefits;
- claims seeking employee welfare (e.g., health, medical, dental, vision) or retirement benefits under the Employee Retirement Income Security Act ("ERISA") (except that claims for interference with or retaliation for exercising ERISA rights shall be considered Claims);
- unfair labor practice charges under the National Labor Relations Act ("NLRA");
- claims by us for unpaid debts you owe us or for your unauthorized disclosure of trade secrets or confidential information; and
- disputes about the validity, enforceability or scope of this Program or any part thereof (including, without limitation, the Class Action Waiver described below).

Also, although this Program **does** require you to seek any and all individual relief for Claims exclusively through arbitration under the Program, it does **not**:
- prevent you from filing charges with or cooperating in investigations conducted by the Equal Employment Opportunity Commission ("EEOC") and/or state and local human rights agencies, nor does it impair the ability of such agencies to investigate alleged violations of the laws they enforce; or
- waive any other rights you might have under the NLRA, nor does it exclude the National Labor Relations Board from jurisdiction over disputes covered by the NLRA.  Thus, the Program does not prevent you from filing an unfair labor practice charge, and we will not take any prohibited action against you for filing such a charge.

In addition, this Program does **not** require Raymour & Flanigan to begin arbitration proceedings or initiate any other procedure whatsoever before taking any action regarding your employment with which you might disagree, such as coaching, counseling, warning, reprimand, suspension, investigation, discipline, demotion, changing your days or hours worked or termination of employment.

**CAN I REQUIRE A CLAIM TO BE ADJUDICATED IN COURT OR BY AN AGENCY?**
No. Under this Program, you and we waive all rights to have a Claim decided by a court, judge, jury and, where permitted by law, an administrative agency. Instead, either you or we may require the other to arbitrate a Claim in accordance with this Program. The rights to appeal the outcome of arbitration and to pre-arbitration discovery are more limited in arbitration than in court. Other rights available in court also may not be available in arbitration.

**HOW DO I ASSERT A CLAIM?**
**Step One:** If you wish to assert a Claim you must first give our Legal Department a formal, written notice of the Claim (a "Claim Notice") and a reasonable opportunity, up to 45 days, to address it. A blank Claim Notice can be obtained from your Human Resources representative or directly from the Legal Department. You must submit the Claim Notice to Raymour & Flanigan, Legal Department, at 7248 Morgan Road, Liverpool, New York 13088 Attention: Employment Claims. Any Claim Notice you send must include your full name, address and telephone number and must be signed by you. Any Claim Notice should explain the nature of the Claim and the relief that is demanded. You must also cooperate with us by providing us with any information about the Claim that we reasonably request.

**Step Two:** If you do not receive a satisfactory response within 45 days to a Claim Notice you submitted under Step One and still wish to assert the Claim, you must follow the arbitration procedure set forth below, within the time limits set forth in the section of this Program entitled, *HOW MUCH TIME DO I HAVE TO FILE A CLAIM?*

**IS THERE ANY INCENTIVE TO RESPOND TO MY CLAIM NOTICE FAIRLY?**
If you submit a Claim Notice on your own behalf (and not on behalf of any other party) in compliance with the procedures above for submitting such a Claim Notice (including the timing requirements), we refuse to provide you with the relief you request, and an arbitrator appointed under this Program subsequently determines that you were entitled to the relief you requested (or greater relief), the arbitrator shall award you at least $2,500 plus the attorney's fees to which you would otherwise be entitled under the law.

If, however, at any time prior to the conclusion of an arbitration hearing on the Claim, we make (and you do not accept within thirty (30) days) an offer in response to your Claim Notice that is more than the relief to which the arbitrator subsequently decides you are entitled, we will not be obligated under this Program to pay your attorney's fees, if any, accruing after the date such offer is made, notwithstanding any provision in this Program to the contrary.

**HOW DOES THE ARBITRATION PROCESS BEGIN?**
To start the arbitration process, the party wishing to file a Claim must

select an "Administrator" and follow the Administrator's rules for starting the arbitration process.  "Administrator" means:
- the American Arbitration Association ("AAA"), 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org, 800-778-7879;
- JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.com, 800.352.5267; or
- any other administrator on which you and we agree.  If both AAA and JAMS cannot or will not serve and you and we are unable to select an Administrator by mutual consent, the Administrator will be selected by a court.

If a Claim has been asserted by way of a lawsuit, the party defending against the Claim may demand arbitration of the Claim by giving a written demand for arbitration.  This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit.

**HOW MUCH TIME DO I HAVE TO FILE A CLAIM?**
A Claim must be filed with the Administrator within 180 days after it arises.  For Claims that arise from a tangible action such as a failure to promote, failure to accommodate or termination of employment, that means within 180 days after the challenged action occurred.  This period will be extended by 90 days, for a total of 270 days, if within the initial 180-day period, you submit a Claim Notice to our Legal Department described under the section of this Program entitled *HOW DO I ASSERT A CLAIM?* By way of example only, if you challenge the termination of your employment and have properly filed a Claim Notice within 180 days of your final day of employment, but do not receive a satisfactory response to it, you must file any and all Claims concerning your employment with the Administrator no later than 270 days after your final day of employment with us.  Under this Program, you and we waive any and all statutes of limitation to the contrary.

If a Claim is not filed with the Administrator within the time period described above, the party wishing to assert it will forever waive and lose the right to seek relief for that Claim.  The filing of an administrative charge or complaint with a state or federal administrative agency such as the EEOC is not the equivalent of a Claim Notice and does not satisfy or extend the time period within which Claims must be filed with the Administrator.

**WHAT HAPPENS AFTER ARBITRATION BEGINS?**
Once the arbitration process starts, the Claim is resolved in a hearing before an arbitrator in accordance with the applicable rules of the Administrator for resolving employment-related disputes, and as further modified below.  However, no arbitration may be administered in accordance with an Administrator's policies or procedures, whether formal or informal, that are inconsistent with the Class Action Waiver section of this Program addressing class and collective actions.

The arbitrator shall have the authority to resolve the Claim in accordance with the substantive law governing the Claim, and shall be authorized to consider and rule upon pre-hearing motions as well as dispositive

5

motions.  The arbitrator shall not process or rule on matters outside the scope of the Claim that is the subject of the arbitration.

**How is the arbitrator selected?** The arbitrator will be appointed by the Administrator pursuant to the Administrator's rules and procedures for appointing arbitrators in employment dispute cases.  However, unless the parties agree otherwise, the arbitrator must be either a retired or former judge, or a lawyer with at least 5 years of experience arbitrating employment related claims.

**Can I have an attorney represent me?** Any party may be represented by an attorney or other representative.   However, you may not be represented by any of our employees who work for us in a supervisory capacity.

**Where will the arbitration hearing take place?**  Any arbitration hearing that you attend will take place in a location that is reasonably convenient for you and for witnesses necessary for the proper resolution of Claims.

**Who pays for the arbitration?** The parties will pay arbitration costs and fees in accordance with the rules of the Administrator for resolving disputes under employer-promulgated arbitration programs.  If you cannot obtain a waiver of the Administrator's or arbitrator's fees, we will consider in good faith any request by you for us to bear such costs.  We will pay for our own attorneys, experts and witnesses.  We also will pay the reasonable fees and charges of your attorneys, experts and witnesses if you win the arbitration, provided  the law governing your Claim provides for the award of such fees and charges against us.  In addition, we will pay any other costs and fees we are required to pay by law or to the extent required in order to make this Program legally enforceable.

**Will there be discovery or depositions?** You and we may draft and serve upon each other one set of no more than 20 interrogatories and one set of no more than 10 requests for the production of documents in a form consistent with the Federal Rules of Civil Procedure governing the United States federal courts.  Also, you and we each shall be entitled to take no more than 3 depositions, each to be concluded within 7 hours, with the following exception: we may take your deposition and you make take the deposition of one company witness over one or more consecutive days, with each deposition to be concluded within 10 hours.  Your deposition shall be scheduled and completed first before any others may be conducted.  Depositions shall take place at a location reasonably convenient for all parties and, to be used as evidence, must be recorded by a court reporter licensed in the jurisdiction where the deposition takes place, by stenographic means and/or videography, at the cost of the party taking the deposition.  Parties wishing to obtain copies of transcripts must pay the cost of such copies as provided under the Federal Rules of Civil Procedure.  Upon the request of a party, the arbitrator may order additional discovery consistent with the Administrator's rules and the expedited nature of arbitration.

**What relief can the arbitrator award?** The arbitrator shall be authorized to award all remedies available under the substantive law applicable to the Claim, including, without limitation, compensatory, statutory and punitive damages (which shall be governed by the constitutional standards applicable in judicial proceedings), equitable relief and attorney's fees and costs.  The arbitrator shall write an explanation of the factual findings and legal conclusions reached in issuing the award.  The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Program and the Administrator's rules.

**What is the effect of an Arbitration Award?** Any federal court with jurisdiction may enter judgment upon the arbitrator's award.  The arbitrator's award will be final and binding, except for: (1) any right to appeal under the Federal Arbitration Act ("FAA"); and (2) Claims resulting in an arbitration award of more than $100,000.  For awards greater than $100,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider anew any aspect of the initial award that is appealed.  The panel's decision will be final and binding, except for any right to appeal under the FAA.  The costs of any appeal will be borne in accordance with the subsection above addressing who pays for the arbitration.

**CAN CLAIMS BE DECIDED BY CLASS OR COLLECTIVE ACTION?**
No. This section describes the "Class Action Waiver" of the Program. Claims cannot be litigated or arbitrated by way of a class or collective action.  All Claims between you and us must be decided individually. Neither you nor we will have the right, with respect to any Claim, to do any of the following in court or before an arbitrator:
- obtain relief from a class action or collective action, either as a class representative, class member or class opponent;
- act as a private attorney general; or
- join or consolidate your Claim with the Claims of any other person.

The arbitrator shall have no authority or jurisdiction to process, conduct or rule upon any class, collective, or private attorney general proceeding.

**ARE ARBITRATION PROCEEDINGS CONFIDENTIAL?**
You and we agree to keep the arbitration proceedings confidential. Neither you, we nor the respective attorneys/representatives in the arbitration proceeding may reveal or disclose the substance of the proceedings to any other person, except as required by the arbitration process, subpoena, court order, or other legal process.  If disclosure is compelled, you and we agree to notify the other as soon as notice of compelled disclosure is received and before disclosure occurs.  You may disclose the substance of the proceedings to your spouse/partner and to your financial advisor(s), if any, upon their agreement to maintain the information in strict confidence as set forth herein.  Nothing here limits our ability to disclose information regarding the arbitration proceedings internally or externally to those persons with a legitimate business reason to have access to such information.

7

**WHAT LAW GOVERNS THE PROGRAM?**
Arbitration proceedings shall comply with and be governed by the provisions of the FAA and not by any state law concerning arbitration. In deciding Claims, the arbitrator shall follow the substantive law applicable to the Claims (where state law applies, this shall be the law of the state where you work or worked for us) to the extent consistent with the FAA and applicable privilege rules.

**WHAT IF THIS PROGRAM CONFLICTS WITH THE LAW OR ADMINISTRATOR'S RULES?**
In the event of any conflict or inconsistency between this Program and the Administrator's rules, this Program will govern. If a determination is made by a court that the Class Action Waiver is unenforceable as to any Claims asserted on a class or collective basis, only this sentence of the Program will remain in force as to such Claims and the remaining provisions of this Program shall be null and void regarding such class or collective Claims only, provided further that: (i) the court's determination concerning the Class Action Wavier shall be subject to appeal; and (ii) this Program shall continue to apply to any and all other Claims, whether asserted on an individual, class or collective basis.

**HOW LONG DOES THE PROGRAM LAST?**
Provided that we do not terminate it sooner as set forth below, this Program lasts for as long as you and we have Claims that we wish to assert against each other, even after the termination of your employment with us. It further applies even if you or we file for bankruptcy (to the extent permitted by applicable law).

We may terminate this Program at any time upon written notice to you that the Program is terminated. To be effective, such written notice must be signed by an officer of Raymour & Flanigan after proper corporate authorization. In the event of such notice, this Program will continue to apply to all Claims asserted by way of Claim Notice or demand for arbitration prior to issuance of the termination notice but will not apply to Claims asserted after issuance of the termination notice.

This Program is strictly limited to the terms and conditions herein and no variation in, or addition to, any of the terms, covenants or conditions set forth in this Program shall become part of this Program without the prior express written consent of an officer of Raymour & Flanigan.

## ASSOCIATE'S AGREEMENT & CONSENT

**READ CAREFULLY BEFORE SIGNING; THE FOLLOWING AFFECTS IMPORTANT RIGHTS.**

**By signing below, I agree as follows:**

1. I have received a copy of Raymour & Flanigan's Employment Arbitration Program Terms ("Program"), which was attached to this Agreement form or has been given to me separately and is incorporated in its entirety herein by reference. I had a full and fair opportunity to review the Program and to understand its terms before signing below. If I lose or misplace a copy of the Program document given to me, I can obtain another copy from HR, Raymour & Flanigan's Intranet or the HR Self Service Portal for Associates.

2. I agree to all terms of the Program, which is a contract that I am entering into with Raymours Furniture Company, Inc., d/b/a Raymour & Flanigan Furniture ("Raymour & Flanigan"), governing how disputes regarding my employment with Raymour & Flanigan are to be resolved. The Program is an essential, required term and condition of my continued employment with Raymour & Flanigan. However, nothing in the Program or herein changes my employment status which is completely at-will, voluntary and for no definite period.

3. **Hereby and under the Program, I agree to arbitrate all Claims against R&F regarding my employment under the terms of and within the deadline set forth in the Program. Such Claims must be filed with the arbitration Administrator defined in the Program. I release and waive all rights I may have to file such Claims in court and further release and waive all rights I may have to have those Claims heard before and by a jury (and, where permitted by law, an administrative agency and/or an administrative law judge). I understand that if I attempt to assert any Claims against R&F by means other than arbitration described in the Program, R&F will have the unqualified right to require me to arbitrate such Claims in accordance with the Program.**

4. **I also agree, hereby and under the Program, to file an arbitration demand with the Administrator no later than 180 days after such Claims arise (no later than 270 days if I first follow the procedure for submitting a Claim Notice to Raymour & Flanigan's Legal Department). If I do not file my Claims with the Administrator within such time period, I will forever lose the right to seek relief for such Claims. I waive any statute of limitations and administrative filing periods that might provide a longer period of time to file or seek relief for such Claims. I also understand that if I exercise my right to file an administrative charge or complaint with a state or federal administrative agency, that filing will not constitute a Notice of Claim or a filing with the Administrator, nor will it satisfy or extend the time period within which I must file a demand for arbitration of**

Claims with the Administrator. I understand that I cannot seek or accept relief from any state or federal administrative agency who investigates any administrative charge or complaint that I file, and that the sole means for obtaining relief for my Claims is through arbitration under the Program.

5. **I further agree, hereby and under the Program, that I will not seek and cannot seek (in arbitration or otherwise) to have any Claims decided on a class or collective action basis. All Claims must be pursued on an individual basis only.**

6. The term "**Administrator**" as used herein has the meaning defined in the Program and means the American Arbitration Association, JAMS or such other arbitration administrator to which Raymour & Flanigan and I agree.

7. The term **"Claims"** as used herein has the meaning defined in the Program and includes employment and compensation-related claims, disputes, controversies or allegations that I have against R&F (including any codefendants named with R&F) based upon legally protected rights. This includes disputes about my employment, discharge, wages, discipline, leaves of absence, accommodations and workplace treatment as well as Raymour & Flanigan's policies and practices. **Examples include but are not limited to Claims alleging discrimination, harassment, retaliation or failure to pay wages under such laws as Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Occupational Safety and Health Act and any similar federal, state and local laws addressing antidiscrimination, anti-retaliation, wage payment or other employment-related rights**.

8. The term "**R&F**" as used herein has the meaning defined in the Program and means Raymour & Flanigan, any of its parents, subsidiaries, affiliated companies, successors, assigns and any shareholders, officers and directors of any of the foregoing companies. It also includes Raymour & Flanigan's carriers, claims agents and brokers of insurance policies that provide coverage for Claims.

_____
**Associate Signature**

_____
**Associate Name (Printed)**

Date: _____

February 2014 rev.