# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 17-CV-1923 (JFB)(ARL)

ERIC CASTELLANOS, ET AL.,

Plaintiffs,

VERSUS

RAYMOURS FURNITURE COMPANY, INC.,

Defendant.

**Memorandum and Order**
March 12, 2018

JOSEPH F. BIANCO, District Judge:

Plaintiffs Eric Castellanos, Luis Rios, Allen Stetler, Jean Pierre Luis, and Jose Portillo (collectively, "plaintiffs") bring this putative class action on behalf of themselves and similarly situated individuals against Raymours Furniture Company, Inc. ("Raymours" or "defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and related New York state wage and labor laws.

Raymours now moves to compel arbitration on an individual basis, strike plaintiffs' class allegations, and dismiss the complaint. In response, plaintiffs concede that they entered into a binding agreement to arbitrate the instant claims with Raymours. Plaintiffs argue only that the arbitration agreement's statute of limitations is unenforceable against their FLSA claims and must be severed. Raymours argues that the arbitrator should decide whether the arbitration agreement's statute of limitations is enforceable, and that, in any event, the provision is enforceable. For the reasons that follow, the Court concludes that the arbitration agreement's statute of limitations provision is unenforceable, and accordingly severs that provision. The Court additionally strikes the class allegations, and stays this action pending arbitration.

I. BACKGROUND

A. Facts

The following facts are taken from the complaint (ECF No. 1), the Declaration of Stephen McPeak filed in support of defendant's motion to compel arbitration (ECF No. 18), and the exhibits attached thereto.[1]

---

[1] The Court may properly consider documents outside of the pleadings for purposes of deciding a motion to compel arbitration. *See BS Sun Shipping Monrovia v. Citgo Petroleum Corp.*, No. 06 Civ. 839(HB), 2006 WL 2265041, at *3 n.6 (S.D.N.Y. Aug. 8, 2006) ("While it is generally improper to

At all times relevant to the complaint, plaintiffs were employed by Raymours, a furniture retailer. (Compl. ¶¶ 19, 23, 31, 39, 46, 54.) While employed by Raymours, each plaintiff agreed to be bound by an Employee Arbitration Program ("EAP"). (McPeak Decl. ¶ 12.) The EAP requires Raymours employees to arbitrate "any employment-related or compensation-related claims, disputes, controversies or actions . . . that in any way arise from or relate to [their] employment with [Raymours] . . . and that are based on a legally protected right." (McPeak Decl. Ex. 1 at 2.) Under the agreement, "[l]egally protected right[s]" include, *inter alia*, rights under "the federal Fair Labor Standards Act or any state wage and hour laws." (*Id.*)

The EAP also establishes a 180-day[2] statute of limitations for asserting a claim. Specifically, the EAP provides:

> A Claim must be filed with the Administrator within 180 days after it arises . . . . If a Claim is not filed with the Administrator within the time period described above, the party wishing to assert it will forever waive and lose the right to seek relief for that Claim.

(*Id.* at 5.)

---

consider documents not appended to the initial pleading or incorporated in that pleading by reference in the context of a Rule 12(b)(6) motion to dismiss, it is proper (and in fact necessary) to consider such extrinsic evidence when faced with a motion to compel arbitration." (citing *Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.*, 263 F.3d 26, 32-33 (2d Cir. 2001))).

[2] Defendant notes that the EAP provides that the 180-day period "will be extended by 90 days, for a total of 270 days, if within the initial 180-day period, you submit a Claim Notice to our Legal Department." (McPeak Decl. Ex. 1 at 5.) Whether the statute of limitations was 180 or 270 days is immaterial to the Court's decision because both limitations periods are shorter than the FLSA's statute of limitations.

Additionally, the EAP includes a class action waiver, which states, in relevant part:

> CAN CLAIMS BE DECIDED BY CLASS OR COLLECTIVE ACTION? No. This section describes the "Class Action Waiver" of the Program. Claims cannot be litigated or arbitrated by way of a class or collective action. All Claims between you and us must be decided individually.

(*Id.* at 7.)

Finally, the EAP provides that "disputes about the validity, enforceability or scope of this Program or any part thereof (including the Class Action Waiver described below)" are "for a court or agency and not an arbitrator to decide." (*Id.* at 3.)

B. Procedural History

Plaintiffs filed the complaint on April 4, 2017. Defendant moved to compel arbitration on an individual basis, strike the class allegations, and dismiss the complaint on July 28, 2017. Plaintiffs opposed defendant's motion on September 11, 2017, and defendant replied on October 2, 2017. The Court has fully considered the parties' submissions and arguments.

II. STANDARD OF REVIEW

Courts evaluate motions to compel arbitration under a standard similar to that for summary judgment motions. *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (citing *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980)); *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010); *Guida v. Home Sav. of Am., Inc.*, 793 F. Supp. 2d 611, 614 (E.D.N.Y. 2011). The court must "consider all relevant admissible evidence" and "draw all reasonable inferences in favor of the non-moving

2

party." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). "If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." *Bensadoun*, 316 F.3d at 175 (citing 9 U.S.C. § 4). If, however, the arbitrability of the dispute can be decided as a matter of law based on the undisputed facts in the record, the court "may rule on the basis of that legal issue and 'avoid the need for further court proceedings.'" *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011) (quoting *Bensadoun*, 316 F.3d at 175).

III. DISCUSSION

Plaintiffs do not dispute that they are bound to arbitrate the instant dispute. Instead, they argue only that the EAP's statute of limitations is unenforceable against their FLSA claims[3] and must be severed from the agreement. In response, defendant argues that the provision's enforceability is a procedural issue for the arbitrator to decide, and, in any event, that the shortened statute of limitations is enforceable against the FLSA claims. As explained below, the Court concludes that the provision's enforceability is a question for the Court, and that the provision is unenforceable against plaintiffs' FLSA claims.

A. Whether the EAP's Limitations Period is Enforceable is for the Court to Decide

As a threshold matter, whether the EAP's statute of limitations provision is enforceable is for the Court to decide. Defendant correctly argues that "issues of procedural arbitrability, *i.e.*, whether prerequisites such as *time limits*, notice, laches, estoppel, and other conditions

---

[3] Plaintiffs do not argue that the EAP's statute of limitations is unenforceable against their state law claims.

precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 85 (2002). However, the issue before the Court is not whether the EAP's limitations period has been met; it is whether the EAP's limitations period is enforceable. That issue falls squarely within the Court's province. *See, e.g.*, *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010) ("[O]ur precedents hold that courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement *nor* (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue."); *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 71 (2010) ("If a party challenges the validity under [FAA] § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement."). Moreover, the EAP expressly reserves issues concerning the EAP's enforceability for the Court. Specifically, it states that "disputes about the validity, enforceability or scope of this Program or any part thereof" are "for a court or agency and not an arbitrator to decide." (McPeak Decl. Ex. 1 at 3.) Accordingly, the Court will determine whether the EAP's statute of limitations is enforceable.

B. The EAP's Limitations Period is Unenforceable

The FAA mandates that arbitration agreements subject to that statute "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This statutory language reflects a "liberal federal policy favoring arbitration agreements" and "requires courts to enforce agreements to arbitrate according to their

3

terms." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (citations omitted).

The FAA's mandate to enforce arbitration agreements according to their terms "holds true for claims that allege a violation of a federal statute, unless [it] has been 'overridden by a contrary congressional command'" in the at-issue federal statute. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (quoting *CompuCredit Corp.*, 565 U.S. at 98). In other words, courts should not enforce an arbitration agreement according to its terms if doing so would contravene a congressional command.

Additionally, federal courts have developed a "'judge-made' exception" to the FAA's mandate, which "allow[s] courts to invalidate agreements that prevent the 'effective vindication' of a federal statutory right." *Sutherland v. Ernst & Young*, 726 F.3d 290, 298 (2d Cir. 2013) (quoting *Italian Colors Rest.*, 570 U.S. at 235). The Supreme Court clarified in *Italian Colors* that the effective vindication exception applies only where an agreement operates as a "prospective waiver of a party's *right to pursue* statutory remedies." 570 U.S. at 236.

Here, plaintiffs appear to argue that the EAP's statute of limitations both contravenes congressional commands contained in the FLSA and prevents them from effectively vindicating their rights under the FLSA. Before the Court decides these issues, a brief discussion of the FLSA is necessary.

As the Second Circuit has explained, the FLSA is a "uniquely protective statute" designed "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015). To further those goals, the FLSA establishes a mandatory minimum wage and requires employers to pay certain employees overtime if they work over forty hours per week. *See* 29 U.S.C. §§ 206-07. The Supreme Court has "frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (collecting cases). Contractually abridging or waiving those rights, the Court has explained, "would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id.*

An employer that violates the FLSA must pay the affected employee "the amount of their unpaid minimum wages, or their unpaid overtime compensation" and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The statute of limitations to bring an FLSA claim is two years unless the violation is willful, in which case the limitations period is extended to three years. *Id.* § 255(a). The Supreme Court has stated that "[t]he fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988).

Finally, the damages that a plaintiff can recover under the FLSA are tied to the statute's limitations period. "[A] new cause of action accrues [under the FLSA] with each payday following an allegedly unlawful pay period." *Chaohui Tang v. Wing Keung Enters., Inc.*, 210 F. Supp. 3d 376, 394 (E.D.N.Y. 2016) (quoting *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 81 (E.D.N.Y. 2011)); *see also Nakahata v.*

4

*N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 (2d Cir. 2013) (cause of action under the FLSA "accrues on the next regular payday following the work period when services are rendered"). Thus, an employee can recover damages for pay periods as far back as the statute of limitations reaches.

In light of the foregoing, federal courts have routinely concluded that arbitration provisions shortening the limitations period to bring FLSA claims are unenforceable. For example, in *Hackler v. R.T. Moore Co.*, the plaintiff argued that a provision in an arbitration agreement that "require[d] him to provide notice within six months of the accrual date of his claim or suffer the loss of the claim" was unenforceable against his FLSA claims. No. 2:17-cv-262-FtM-29MRM, 2017 WL 6535856, at *2 (M.D. Fla. Dec. 21, 2017). The court agreed. It concluded that the provision "interfere[d] with substantive rights under the FLSA by precluding [the] plaintiff from recovering what he would potentially otherwise be able to recover would he have brought his claim in the district court." *Id.* at *4.

Similarly, in *Pruiett v. West End Restaurants, LLC*, the court concluded that because "a plaintiff's right to full compensation is determined by the [FLSA's] statute of limitations" the at-issue arbitration agreement's one-year statute of limitations "necessarily preclude[d] a successful plaintiff from receiving full compensatory recovery under the statute." No. 3:11-00747, 2011 WL 5520969, at *5 (M.D. Tenn. Nov. 14, 2011). The court reasoned that this "[wa]s not a permissible result" because a plaintiff's "substantive right to full compensation under the FLSA may not be bargained away." *Id.*

Two additional cases are instructive although they involved employment agreements: *Boaz v. FedEx Customer Services, Inc.*, 725 F.3d 603 (6th Cir. 2013) and *Mazurkiewicz v. Clayton Homes, Inc.*, 971 F. Supp. 2d 682 (S.D. Tex. 2013). In *Boaz*, the Sixth Circuit reversed the district court's holding that a contractual six-month statute of limitations was enforceable to bar the plaintiff's FLSA claim. 725 F.3d at 605. The court explained that the Supreme Court has repeatedly held that employees are not free to "either prospectively or retrospectively" waive their rights under the FLSA because "[s]uch waivers . . . would 'nullify' the Act's purpose of 'achieving a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act.'" *Id.* at 605-06 (quoting *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706-10 (1945)). The court then concluded that the six-month statute of limitations was unenforceable because it "operate[d] as a waiver of [the plaintiff's] FLSA claim." *Id.* at 607.

In *Mazurkiewicz*, the court determined that enforcing a six-month statute of limitations against the plaintiff's FLSA claim would "drastically reduce an employee's available recovery" and "do away with the congressional determination that employers who willfully violate the statute should be subject to greater liability than those whose violations are inadvertent." 971 F. Supp. 2d at 692. The court explained that, although statutes of limitations are generally procedural in nature, "a contractual limitations provision that limits recoveries in addition to shortening the time period in which a case must be filed produces a far different effect than in the situations in which such contracts have been routinely enforced." *Id.* at 691.

Although the Second Circuit has not decided whether an arbitration provision (or other contractual provision) that shortens the limitations period to bring FLSA claims is

enforceable, its dicta in *Ragone v. Atlantic Video at Manhattan Center*, 595 F.3d 115 (2d Cir. 2010) provides some guidance.[4] In that case, the at-issue arbitration agreement included a fee-shifting provision that "require[d] that attorney's fees must be awarded to the prevailing party" and also required the plaintiff to "make a demand for arbitration 'no later than ninety (90) calendar days after [her] claim arises or it will be conclusively resolved against [her] even if there is a statute of limitations that may have given [her] more time.'" *Id.* at 123. Because the defendant had agreed not to attempt to enforce either provision against the plaintiff, the court did not determine whether either was enforceable. *Id.* In a section entitled "A Note of Caution," however, the court wrote that "[h]ad the defendants attempted to enforce the arbitration agreement as originally written it is not clear that we would hold in their favor." *Id.* at 125. The court continued, "had the defendants not waived enforcement, it is at least possible that Ragone would be able to demonstrate that these provisions were incompatible with her ability to pursue her Title VII claims in arbitration, and therefore void under the FAA." *Id.* at 126.

The Court finds the non-binding case authority discussed above to be persuasive, and concludes that the EAP's 180-day statute of limitations is unenforceable as to plaintiffs' FLSA claims. First, the provision contravenes congressional commands. As discussed above, Congress chose to distinguish between ordinary and willful FLSA violations by providing an extended limitations period for the latter. The EAP—which provides employees with 180 days to assert a claim without regard to the egregiousness of the violations—eliminates that intended distinction.

The EAP's 180-day limitations period also undermines the FLSA's remedial scheme. Because a new cause of action accrues under the FLSA with each allegedly unlawful paycheck, a plaintiff may recover damages as far back as the statute of limitations reaches. By limiting plaintiffs' time to assert FLSA claims, the EAP also limits their potential recovery. As noted above, the Supreme Court has "held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine*, 450 U.S. at 740 (1981). Because the EAP operates to waive plaintiffs' rights to full recovery under the FLSA, it contravenes the policies that the statute was designed to effectuate.

Second, the EAP's limitations period is unenforceable under the effective vindication exception. As noted above, the Supreme Court made clear in *Italian Colors* that the effective vindication exception applies when a provision operates as a "prospective waiver of a party's *right to pursue* statutory remedies." 570 U.S. at 235-36. The Supreme Court further instructed that the exception "would certainly cover a provision in an arbitration agreement forbidding the assertion of certain statutory rights." *Id.* at 236. Here, because the EAP's limitations period operates as a waiver of plaintiffs' rights to pursue the full amount of damages provided for by the FLSA, the effective vindication doctrine applies.

Having determined that the EAP's limitations provision is unenforceable, the Court concludes that the appropriate remedy is to sever that provision. The parties agree

---

[4] The Court notes that *Ragone* involved claims under Title VII of the Civil Rights Act of 1964 and was decided before the Supreme Court's decision in *Italian Colors*. Nevertheless, the Court finds it instructive.

6

that, if held to be unenforceable, the provision should be severed. Moreover, the Second Circuit has instructed that the "appropriate remedy when a court is faced with a plainly unconscionable provision of an arbitration agreement—one which by itself would actually preclude a plaintiff from pursuing her statutory rights—is to sever the improper provision of the arbitration agreement, rather than void the entire agreement." *Ragone*, 595 F.3d at 124-25. Accordingly, the Court severs the provision.

C. The EAP's Class Action Waiver is Enforceable

Defendant's motion requests that this Court compel arbitration on an individual basis and strike the complaint's class allegations based on the EAP's class action waiver. Plaintiffs do not appear to oppose these requests. As noted above, the EAP provides that "Claims cannot be litigated or arbitrated by way of a class or collective action. All Claims between you and us must be decided individually." (McPeak Decl. Ex. 1 at 7.)

Binding Second Circuit precedent requires the Court to enforce the EAP's class action waiver. Specifically, in *Sutherland*, the Second Circuit held that "the FLSA does not preclude the waiver of collective action claims." 726 F.3d at 296. Accordingly, plaintiffs must proceed to arbitration on an individual basis.[5] In addition, because the EAP provides that claims "cannot be litigated" on a class basis, the Court grants defendant's motion to strike the complaint's class allegations. *E.g.*, *Marcario v. Midland Credit Mgmt., Inc.*, No. 17-cv-414 (ADS) (ARL), 2017 WL 4792238, at *5 (E.D.N.Y. Oct. 23, 2017) (dismissing class allegations in light of arbitration agreement's class action waiver).

D. The Action is Stayed

Although defendant's motion requests that the Court dismiss this action, the Court concludes that a stay is appropriate. When a stay is not requested, a district court has discretion in determining whether to stay or dismiss the case pending arbitration. *See, e.g.*, *Zambrano v. Strategic Delivery Sols., LLC*, No. 15 CIV. 8410 (ER), 2016 WL 5339552, at *10 (S.D.N.Y. Sept. 22, 2016). In *Katz v. Cellco Partnership*, the Second Circuit detailed several reasons for staying, instead of dismissing, cases pending arbitration, including that a stay furthers the "FAA's underlying policy 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" 794 F.3d 341, 346 (2d Cir. 2015) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)). In the case at hand, the Court, in its discretion, stays the proceedings, particularly to promote expeditious resolution of this dispute.

---

[5] The Court notes that, in three consolidated cases—*Ernst & Young LLP v. Morris*, No. 16-300, *Epic Sys. Corp. v. Lewis*, No. 16-285, and *NLRB v. Murphy Oil USA, Inc.*, No. 16-307—the Supreme Court is currently considering whether class action waivers in arbitration agreements are enforceable under the FAA, notwithstanding provisions in the National Labor Relations Act ("NLRA"). However, in *Sutherland*, the Second Circuit determined that class action waivers do not violate the NLRA. 726 F.3d at 297 n.8. In *Patterson v. Raymours Furniture Co.*, the Second Circuit reaffirmed that *Sutherland* is binding precedent in this Circuit, and rejected (albeit reluctantly) the plaintiffs' argument that a class action waiver violated the NLRA. 659 F. App'x 40, 43 (2d Cir. 2016). Accordingly, this Court is bound to enforce the class action waiver unless and until the Supreme Court determines such waivers are unenforceable.

## IV. Conclusion

For the foregoing reasons, the Court grants defendant's motion to compel arbitration on an individual basis, but severs the EAP's 180-day statute of limitations. Additionally, the Court strikes the complaint's class allegations and stays the case pending arbitration.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 12, 2018
       Central Islip, NY

\*\*\*

Plaintiffs are represented by Peter Arcadio Romero, 103 Cooper Street, Babylon, New York 11702. Defendant is represented by David M. Wirtz and Kevin Robert Vozzo of Littler Mendelson, P.C., 900 Third Avenue, New York, New York 10022.